MISSOURI, K. & T. RY. CO. OF TEXAS v. BRADDY.

(Court of Civil Appeals of Texas.   March 11, 1911.)

1. CONSTITUTIONAL LAW (§ 208*)—CLASS LEGISLATION.
    Sayles' Ann. Civ. St. 1897, art. 4547, making a railway company failing for 15 days after demand to pay wages due employés, liable to 20 per cent. of the amount due as damages in addition to the amount due, is invalid as class legislation, and is not authorized by Const. art. 10, § 2, requiring the Legislature to adopt laws to correct abuses and prevent unjust discrimination in rates on railroads in the state.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 649–677; Dec. Dig.: § 208.*]

2. CONSTITUTIONAL LAW (§ 303*)—DUE PROCESS OF LAW.
    The statute deprives railroad companies of their property without due process of law, in violation of the fourteenth amendment to the federal Constitution.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 863–866; Dec. Dig. § 303.*]

Appeal from Wood County Court; R. M. Smith, Judge.

Action by T. J. Braddy against the Missouri, Kansas & Texas Railway Company of Texas.   From a judgment for plaintiff, defendant appeals.   Reformed and affirmed.

Coke, Miller & Coke and L. L. Wood, for appellant.   Bozeman & Campbell, for appellee.

BOOKHOUT, J.   This suit was instituted in the county court of Wood county by T. J.

Braddy against the Missouri, Kansas & Texas Railway Company of Texas to recover the sum of $260 for work and labor done and a 20 per cent. penalty for failing to pay plaintiff after 15 days' demand, as provided in article 4547 of Sayles' Civil Statutes. The defendant answered by a general denial. The cause was tried by the court without a jury, and plaintiff recovered a judgment for $273.-40, which included 20 per cent. penalty on the amount due for the work done. The defendant excepted to the judgment, and has perfected an appeal.

Error is assigned that the court erred in allowing plaintiff 20 per cent. on the amount found by the court to be due him, because the same is a statutory penalty, based on article 4547, Sayles' Civil Statutes, which article is unconstitutional. It is insisted that this article of the statute is violative of that part of section 1 of the fourteenth amendment to the Constitution of the United States wherein it provides as follows: "Nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Again, it is insisted that said article is unconstitutional because it is class legislation, and violates article 10, § 2, of the Constitution of Texas conferring on the Legislature power "to pass laws to regulate railroad freight and passenger tariffs, to correct abuses, and prevent unjust discrimination and extortion in the rates of freight and passenger tariffs on the different railroads in this state, and enforce the same by adequate penalties and to the further accomplishments of these objects and purposes, may provide and establish all requisite means and agencies invested with such powers as may be deemed adequate and advisable."

This assignment must be sustained. The statute provides: "Whenever any railroad company shall discharge any employé, or whenever the time of service of any employé of a railroad company shall expire, or whenever any railroad company shall be due and owing any employé, such railroad company, upon such discharge, or upon the termination of the term of such service, or upon the maturity of said indebtedness, shall, within fifteen days after demand therefor upon the nearest station agent of said railroad company, pay to such employé the full amount due and owing him; and in case said railroad company fails or refuses to pay such employé, then it shall be liable and pay to such employé twenty per cent. on the amount due him, as damages, in addition to the amount so due, in no case the damages to be less than five nor more than one hundred dollars." This statute is only made applicable to railroads. No other corporation is embraced within its terms. It singles out railway companies and attaches a penalty of 20 per cent. on the amount due, in addition to the amount actually due, as a penalty for its failure for 15 days to pay the amount due and owing. In the case of San Antonio & Aransas Pass Ry. Co. v. Wilson, 19 S. W. 910, our Court of Appeals of Texas held that a statute "providing that, in the event of a railroad company refusing to pay its indebtedness to an employé within 15 days of demand, 'it shall be liable to pay such employé twenty per cent. on the amount due him as damages, in addition to the amount due,' is special legislation, not protecting alike the interest of employer and employé, and is unconstitutional." In the case of Gulf, Colorado & Santa Fé Railway Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666, the Supreme Court of the United States held that a statute "providing that railroad companies failing to pay claims less than $50 for labor, damages, overcharges on freight, or for stock killed, within 30 days after presentation thereof, shall be liable for an attorney's fee not exceeding $10, is void as depriving such companies of the equal protection of the law." The principles announced in those cases are applicable to this case.

[1] We think it clear that this statute is class legislation, and violates article 10, § 2, of the Constitution of Texas, [2] and is also violative of the fourteenth amendment to the Constitution of the United States, in that it deprives the railway company of its property without due process of law. The judgment shows that $45 was allowed by the court as a penalty under this statute. The judgment will therefore be reformed, so as to exclude such penalty from the judgment, and, as reformed, it is affirmed.

Reformed and affirmed.